# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:17-cv-01905-SVW-SK |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT NEW-AGE INVESTMENT CONSULTING, INC.** |
| vs. | |
| NOTIS GLOBAL, INC. (f/k/a MEDBOX, INC.), VINCENT MEHDIZADEH, BRUCE BEDRICK, YOCELIN LEGASPI, and NEW-AGE INVESTMENT CONSULTING, INC., | |
| Defendants. | |

/ / /

/ / /

/ / /

1    The Securities and Exchange Commission having filed a Complaint and
2    Defendant New-Age Investment Consulting, Inc. having consented to the Court's
3    jurisdiction over Defendant and the subject matter of this action; consented to entry
4    of this Final Judgment without admitting or denying the allegations of the Complaint
5    (except as to jurisdiction); waived findings of fact and conclusions of law; and
6    waived any right to appeal from this Final Judgment:

7                                            I.

8         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
9    permanently restrained and enjoined from violating Section 5 of the Securities Act
10   [15 U.S.C. § 77e] by, directly or indirectly, in the absence of an applicable
11   exemption:

12        (a)    Unless a registration statement is in effect as to a security, making use of
13               any means or instruments of transportation or communication in
14               interstate commerce or of the mails to sell such security through the use
15               or medium of any prospectus or otherwise;

16        (b)    Unless a registration statement is in effect as to a security, carrying or
17               causing to be carried through the mails or in interstate commerce, by any
18               means or instruments of transportation, any such security for the purpose
19               of sale or for delivery after sale; or

20        (c)    Making use of any means or instruments of transportation or
21               communication in interstate commerce or of the mails to offer to sell or
22               offer to buy through the use or medium of any prospectus or otherwise
23               any security, unless a registration statement has been filed with the
24               Commission as to such security, or while the registration statement is the
25               subject of a refusal order or stop order or (prior to the effective date of
26               the registration statement) any public proceeding or examination under
27               Section 8 of the Securities Act [15 U.S.C. § 77h].

28        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

FINAL JUDGMENT                              2

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,065,876.18, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $151,955.46, and a civil penalty in the amount of $3,065,876.18 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying $6,283,707.82 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; New-Age Investment Consulting, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   September 1, 2017

_____
UNITED STATES DISTRICT JUDGE
STEPHEN V. WILSON