1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  2:17-cv-01905-SVW-SK |
| Plaintiff, | **AMENDED FINAL JUDGMENT AS TO DEFENDANT BRUCE BEDRICK** |
| vs. | |
| NOTIS GLOBAL, INC. (f/k/a MEDBOX, INC.), VINCENT MEHDIZADEH, BRUCE BEDRICK, YOCELIN LEGASPI, and NEW-AGE INVESTMENT CONSULTING, INC, | |
| Defendants. | |

/ / /

/ / /

/ / /

1    The Securities and Exchange Commission having filed a Complaint and

2    Defendant Bruce Bedrick having entered a general appearance; consented to the

3    Court's jurisdiction over Defendant and the subject matter of this action; consented to

4    entry of this Final Judgment without admitting or denying the allegations of the

5    Complaint (except as to jurisdiction and except as otherwise provided herein in

6    paragraph XII); waived findings of fact and conclusions of law; and waived any right

7    to appeal from this Final Judgment:

8                                          I.

9         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

10   permanently restrained and enjoined from violating Section 17(a)(2) of the Securities

11   Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any

12   security by the use of any means or instruments of transportation or communication

13   in interstate commerce or by use of the mails, directly or indirectly, to obtain money

14   or property by means of any untrue statement of a material fact or any omission of a

15   material fact necessary in order to make the statements made, in light of the

16   circumstances under which they were made, not misleading; or

17        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

18   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

19   binds the following who receive actual notice of this Final Judgment by personal

20   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

21   attorneys; and (b) other persons in active concert or participation with Defendant or

22   with anyone described in (a).

23                                         II.

24        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

25   Defendant is permanently restrained and enjoined from violating, directly or

26   indirectly, Section 10(b) of the Securities Exchange Act (the "Exchange Act") [15

27   U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-

28   5(b)], by using any means or instrumentality of interstate commerce, or of the mails,

1  or of any facility of any national securities exchange, in connection with the purchase

2  or sale of any security, to make any untrue statement of a material fact or to omit to

3  state a material fact necessary in order to make the statements made, in the light of

4  the circumstances under which they were made, not misleading.

5      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

6  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

7  binds the following who receive actual notice of this Final Judgment by personal

8  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

9  attorneys; and (b) other persons in active concert or participation with Defendant or

10  with anyone described in (a).

11                               III.

12      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

13  Defendant is permanently restrained and enjoined from violating, directly or

14  indirectly, Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by:

15      1)    making or causing to be made a materially false or misleading statement,

16          or by omitting to state or causing another person to omit to state, any

17          material fact necessary in order to make statements made, in light of the

18          circumstances under which such statements were made, not misleading,

19          to an accountant in connection with: (a) any audit, review or

20          examination of the financial statements of an issuer required to be made

21          pursuant to the federal securities laws; or (b) the preparation or filing of

22          any document or report required to be filed with the Commission

23          pursuant to the federal securities laws or otherwise; or

24      2)    taking any action, as an officer or director of an issuer, or as any other

25          person acting under the direction thereof, to coerce, manipulate, mislead,

26          or fraudulently influence any independent public or certified public

27          accountant engaged in the performance of an audit or review of the

28          financial statements of that issuer that are required to be filed with the

1             Commission pursuant to the federal securities laws or otherwise, if he

2             knows or should have known that such action, if successful, could result

3             in rendering the issuer's financial statements materially misleading.

4         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

5 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

6 binds the following who receive actual notice of this Judgment by personal service or

7 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and

8 (b) other persons in active concert or participation with Defendant or with anyone

9 described in (a).

10                             IV.

11         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

12 Defendant is permanently restrained and enjoined from violating, directly or

13 indirectly, Rule 13a-14 [17 C.F.R. § 240.13a-14], by falsely certifying that an issuer's

14 annual and quarterly reports fully comply with the requirements of the Exchange Act

15 and fairly present, in all material respects, the financial condition and results of

16 operations of the company, when, in fact, the reports contain untrue statements of

17 material fact and omit material information necessary to make the reports not

18 misleading

19         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

20 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

21 binds the following who receive actual notice of this Final Judgment by personal

22 service or otherwise: (a) Defendant's officers, agents, servants, employees, and

23 attorneys; and (b) other persons in active concert or participation with Defendant or

24 with anyone described in (a).

25                             V.

26         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

27 Defendant is permanently restrained and enjoined from aiding and abetting any

28 violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-

20, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13] promulgated thereunder, by knowingly or recklessly providing substantial assistance to an issuer's failure to file accurate periodic and current reports with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243] by failing to reimburse an issuer for any bonus or other incentive-based compensation and any profits realized from the sale of the issuer's securities during the 12-month period following the first public issuance or filing with the Commission of any financial document, for which an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that,

pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is prohibited for a period of five (5) years from the date of the entry of this Final Judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $200,000.00 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment within 365 days from the date of the entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

1   6500 South MacArthur Boulevard

2   Oklahoma City, OK 73169

3  and shall be accompanied by a letter identifying the case title, civil action number,

4  and name of this Court; Defendant's name as a defendant in this action; and

5  specifying that payment is made pursuant to this Final Judgment.

6       Defendant shall simultaneously transmit photocopies of evidence of payment

7  and case identifying information to the Commission's counsel in this action.  By

8  making this payment, Defendant relinquishes all legal and equitable right, title, and

9  interest in such funds and Defendant shall not seek or accept, directly or indirectly,

10 reimbursement or indemnification from any source, including but not limited to

11 payment made pursuant to any insurance policy, with regard to the penalty amount

12 that Defendant pays pursuant to the Final Judgment. The Commission shall send the

13 funds paid pursuant to this Final Judgment to the United States Treasury. Defendant

14 shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC

15 § 1961.

16                              X.

17       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

18 Defendant shall reimburse Notis Global, Inc. $1,000,000.00 pursuant to Section 304

19 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a).  Defendant shall satisfy this

20 reimbursement obligation by paying Notis Global, Inc. in two (2) installments. The

21 first installment, in the amount of $333,000.00 shall be paid within thirty (30)

22 calendar days after entry of this Final Judgment.  The second installment, in the

23 amount of $667,000.00, shall be paid within 365 days from the date of the entry of

24 this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

25 Defendant may transmit payment electronically to Notis Global, Inc. which will

26 provide detailed ACH transfer/Fedwire instructions upon request.  All payments to

27 Notis Global, Inc. shall be accompanied by a letter identifying Bruce Bedrick as a

28 defendant in this action; setting forth the title and civil action number of this actions

6

1  and the name of this Court; and specifying that payment is made pursuant to this

2  Final Judgment. Defendant shall simultaneously transmit photocopies of such

3  payment and letter to the Commission's counsel in this action. By making this

4  payment, Defendant relinquishes all legal and equitable right, title, and interest in

5  such funds, and Defendant shall not seek or accept, directly or indirectly,

6  reimbursement or indemnification from any source, including but not limited to

7  payment made pursuant to any insurance policy, with regard to the reimbursement

8  amount that Defendant pays pursuant to the Final Judgment. If Defendant fails to

9  make any payment by the date agreed and/or in the amount agreed according to the

10 schedule set forth above, all outstanding payments under this Final Judgment,

11 including post-judgment interest, minus any payments made, shall become due and

12 payable immediately at the discretion of the staff of the Commission without further

13 application to the Court.

XI.

15    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

16 the Consent is incorporated herein with the same force and effect as if fully set forth

17 herein, and that Defendant shall comply with all of the undertakings and agreements

18 set forth therein.

XII.

20    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that,

21 solely for purposes of exceptions to discharge set forth in Section 523 of the

22 Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and

23 admitted by Defendant, and further, any debt for disgorgement, prejudgment interest,

24 civil penalty or other amounts due by Defendant under this Final Judgment or any

25 other judgment, order, consent order, decree or settlement agreement entered in

26 connection with this proceeding, is a debt for the violation by Defendant of the

27 federal securities laws or any regulation or order issued under such laws, as set forth

28 in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 22, 2017

_____
UNITED STATES DISTRICT JUDGE
STEPHEN V. WILSON